IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0075C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT REQUESTING CONTINUANCE OF STAY

Pursuant to the Court's order dated May 5, 2004, that stayed this litigation through December 31, 2004, the Government hereby files its status report requesting a continuance of the stay. This request is based upon similar concerns and issues identified by the Government in its previous request for a stay. For the reasons discussed below, the Government respectfully requests that the Court continue the stay of proceedings, including discovery, in this case until October 1, 2005, the date by which three additional SNF cases will have been tried. Additionally, that date would allow the pending appeal of the Indiana Michigan litigation to proceed before the United States Court of Appeals for the Federal Circuit, which appeal likely will resolve several legal issues that we anticipate will arise in this litigation.[1]

[1] To the extent that the Court declines to continue the stay of proceedings in this case, we respectfully request that we be granted an opportunity to respond to any proposed schedule for further proceedings that the plaintiff may propose. Further, if the Court lifts the stay of proceedings in this case, we anticipate that we will move to consolidate this case with Pacific Gas & Electric Co. v. United States, No. 04-0074 (Fed. Cl.), both of which arise out of the same Standard Contract, Contract No. DE CR01 83NE44402.

DISCUSSION

A stay of proceedings is necessary in this case to allow for the efficient resolution of legal and factual issues that are common to all of the SNF cases. These issues include the minimum mandatory schedule for the acceptance of spent nuclear fuel ("SNF") and high-level radioactive waste ("HLW") by which the Government was contractually obligated to accept contract holders' SNF and/or HLW; the Government's obligation to accept Greater-Than-Class-C radioactive waste; and the ability of contract holders to recover damages incurred prior to the actual partial breach of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," 10 C.F.R. § 961.11, or to recover damages, under a partial breach of contract theory, that contract holders allege might be incurred sometime in the future. These issues have been presented in the Indiana Michigan and Yankee trials that have been completed and again will be squarely presented in at least two of the three trials that are currently scheduled to occur between now and September 2005. Resolution of these issues in these cases will streamline the Court's consideration of and issues presented in this litigation.

A decision not to stay this case will vitiate the "lead" cases process that the Court instituted in response to the Government's previous motion to consolidate the SNF cases. Specifically, the Chief Judge of this Court selected six cases that it identified as "lead" or "accelerated" cases for the purpose of resolving the legal and factual issues that the Government had presented in various partially dispositive motions filed in all of the cases existing at that time. Four of those cases already have completed trials regarding the plaintiff's damages: Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.), Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), Connecticut Yankee Atomic Power Co. v. United

States, No. 98-154C (Fed. Cl.), and Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.). The Indiana Michigan decision issued by Judge Hodges is on appeal before the Federal Circuit. Three other non-lead cases, Sacramento Municipal Utility District v. United States, 98-488C (Fed. Cl.), Tennessee Valley Authority v. United States, 01-249C (Fed. Cl.), and Southern Nuclear Operating Co. v. United States, 98-614C (Fed. Cl.), all are scheduled for trial between March 21, 2005 and August 29, 2005.[2] Given the significance of the issues in these cases, we anticipate that the Federal Circuit will review the decisions in those cases and that the Federal Circuit's rulings will provide dispositive guidance regarding the threshold issues in all of the SNF cases pending before this Court, including plaintiff's case here.

"The power of a federal trial court," including this one, "to stay its proceedings, even for an indefinite period of time, is beyond question." Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254; see Clinton v. Jones, 117 S. Ct. 1636, 1650 (1997) ("District Court has broad discretion to stay proceedings"). "Moreover, lower courts, in addressing a request for a stay, often try to 'maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between different courts.'" New York Power Auth. v. United States, 42 Fed. Cl. 795, 799 (1999) (quoting 5A C. Wright & A. Miller,

---

[2] No further proceedings have been scheduled in Florida Power & Light Co. v. United States, No. 98-483C (Fed. Cl.), the fifth "lead" or "accelerated" case, pending resolution of the Court's October 14, 2004 show cause order. The sixth "lead" case, Commonwealth Edison Co. v. United States, No. 98-621C (Fed. Cl.), was resolved amicably.

Federal Practice & Procedure § 1360 (2d ed. 1990)). Reduction of the costs of litigation to the parties and the likelihood that a stay would ultimately simplify the issues that the Court otherwise would have to resolve are important factors supporting a stay of proceedings. See In re Laughlin Prods. Patent Litig., 265 F. Supp. 2d 525, 530 (E.D. Pa. 2003); Gioello Enters. Ltd. v. Mattel, Inc., No. 99-375, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001); see also Laba v. Lockheed Martin IMS Corp., No. 97-926, 1998 WL 187800, at *2 (E.D. La. 1999) ("Before undertaking the arduous and time-consuming task – both for the parties and for the Court – of crafting appropriate parameters for plaintiff's discovery, however, it appears to me that the most efficient, cost-effective and reasonable means of approaching discovery and trial preparation in this case is to stay all discovery and other proceedings in this matter in light of the important proceedings in the Louisiana Supreme Court that defendant has noted in its motion papers."). Given the strong likelihood that appellate court resolution of the threshold issues in the pending cases will eliminate the need to engage in extensive discovery and trial proceedings in this case upon these threshold issues, a stay of proceedings is warranted.

"The rule of thumb is that where there is duplicative litigation in federal courts, i.e., where two courts have before them the same parties and issues, litigation should continue in the court in which the suit first began" or in "which case has made the greatest progress." New York Power Auth. v. United States, 42 Fed. Cl. 795, 802 (1999). Here, the same Standard Contract terms are at issue in all of the pending SNF cases, and several of those cases are substantially further developed than the cases that were just recently filed, such as plaintiff's case here. Accordingly, to allow for efficiency and judicial economy, the Court should follow this "rule of thumb."

Recognizing that the plaintiffs have consistently stated the need for the period of the stay to be specifically delineated, the Government requests that the stay be entered until October 1, 2005. By this date, the currently scheduled trials identified above will be concluded and decisions may be issued in some of these other cases. Additionally, the Federal Circuit likely will have heard argument upon the Indiana Michigan appeal and may have entered a decision. At that time, the Court should permit the parties to report to the Court regarding the current status of the spent nuclear fuel cases and to recommend further proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

January 3, 2005

CERTIFICATE OF FILING

I hereby certify that on this 3rd day of January 2005, a copy of foregoing "DEFENDANT'S STATUS REPORT REQUESTING CONTINUANCE OF STAY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John C. Ekman