**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | : | |
| Plaintiff, | : | No. 04-75C (Judge Hewitt) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | Filed electronically: January 3, 2005 |
| Defendant. | : | |

**PLAINTIFF PG&E's STATUS REPORT,**
**MOTION TO ENTER PRETRIAL SCHEDULE**
**AND REQUEST FOR STATUS CONFERENCE TO SET TRIAL DATE**

Pursuant to the Court's Order of May 5, 2004, Plaintiff Pacific Gas and Electric Company ("PG&E") submits this Status Report, Motion to Enter Pretrial Schedule, and Request for Status Conference to Set Trial Date.[1]

In its May 5, 2004 Order, the Court stayed proceedings and asked the parties to file at year-end a joint status report, or separate status reports if the parties could not agree, addressing "whether the stay should continue" and "suggesting further proceedings in this case." PG&E now respectfully requests that the Court lift the stay and establish a consolidated schedule for pretrial proceedings and trial in this case and in PG&E's directly-related spent nuclear fuel case, No. 04-074C. *See* Note 1. Although PG&E's undersigned counsel shared a draft of this status report (including the proposed pretrial schedule set out below) with government counsel in mid-

[1] PG&E is plaintiff in two separate spent nuclear fuel cases, Nos. 04-074C and 04-075C, which are directly related under Rule 40.2. Both cases involve the government's breach of the same contract, but each seeks resulting damages at a different nuclear plant site. PG&E is filing substantially identical status reports in both cases.

December in an effort to arrive at an agreed schedule, we were recently informed by counsel that the government plans to request continuation of the stay pending decisions in other spent nuclear fuel cases, including the *Indiana Michigan* appeal.

There is no reason for any further stay of proceedings in PG&E's spent nuclear fuel cases and every reason to lift the stay. These cases involve a contract breach by the government that occurred nearly seven years ago (on January 31, 1998), that was confirmed by the Federal Circuit more than four years ago, *see Maine Yankee Atomic Power Co. v. United States,* 225 F.3d 1336, 1342 (Fed. Cir. 2000) ("The breach involved all the utilities that had signed the contract – the entire nuclear electric industry"), and that has already caused PG&E to incur very substantial and ongoing damages. Regardless of the outcome in other cases, PG&E's damages must be litigated and resolved in this case. Accordingly, rather than further delay resolution of PG&E's claims, the Court should enter a comprehensive pretrial schedule and convene a status conference in the near future to establish a firm trial date in early 2006.

A. Background

As set out in its Amended Complaints in this case and in No. 04-74C, PG&E seeks monetary relief on several theories (principally breach of contract) for the government's failure to remove spent nuclear fuel and high-level radioactive waste (together, "SNF") from PG&E's Diablo Canyon and Humboldt Bay nuclear reactor sites. The government's failure to remove SNF from PG&E's facilities violates obligations arising under the Nuclear Waste Policy Act of 1982, 42 U.S.C. §10222, and under the contract dated June 30, 1983 between PG&E and the Department of Energy ("DOE"). The contract required DOE to remove PG&E's SNF beginning not later than January 31, 1998.

As the Court is aware, PG&E is one of approximately 60 spent nuclear fuel cases currently pending at the Court. However, PG&E is among the relatively small number of spent fuel plaintiffs that has already been required by DOE's breach to undertake the very costly process of licensing and constructing "dry storage" facilities for its SNF – and PG&E has been required to do so at both the Humboldt Bay and Diablo Canyon sites. PG&E's Diablo Canyon facility, which includes two operating nuclear reactors located on the central California coast in San Luis Obispo, is running out of "wet" spent fuel pool storage space and has already contracted to build an on-site "dry" storage facility, or "ISFSI," to address its long-term SNF storage needs.[2] Similarly, PG&E has already procured dry storage containers and is proceeding to construct and load an ISFSI at Humboldt Bay, its shut-down nuclear reactor site in northern California, to store SNF that DOE was required to remove and already would have removed absent the breach.

Given the very substantial damages that PG&E has already incurred as result of DOE's breach, and given the presumed unavailability of pre-judgment interest in these cases, the government's suggestion of further – and indefinite – delay would be unjust.[3] Although PG&E previously acceded to a short and limited stay (through December 31, 2004), it is now even more clear than it was then that damages in these cases will have to be adjudicated on a case-by-case basis. The sooner the parties begin that adjudication process the sooner it will be completed.

---

[2] ISFSI, which stands for Independent Spent Fuel Storage Installation, is commonly used in the nuclear industry to describe an on-site dry storage facility for SNF.

[3] Notwithstanding the October 1, 2005 termination date for the stay requested by the government in its Status Report requesting continuance of stay, *see* Govt. Status Report at 3, the government is clearly seeking a multi-year, indefinite stay, since the government's request is based on waiting for Federal Circuit guidance from cases that are months away from even being tried.

B. <u>There Is No Basis for a Further Stay, and PG&E's Cases Should be Scheduled for Trial</u>

There is no justification for any further stay of this case. *See Landis v. North American Co.*, 299 U.S 248, 256-57 (1936) ("the supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some on else;" *held*, district court stay through pendency of appellate consideration of another case excessive); *see also Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416-18 (Fed. Cir. 1997) (reversing indefinite stay of cases because of government's failure to demonstrate a "pressing need" for stay). Rather, "the court's paramount obligation is to exercise jurisdiction timely in cases properly before it." *Id.* at 1416.

The recent (and limited) period of stay has served to make clear that regardless of the outcome in other spent nuclear fuel cases, those cases cannot and will not resolve PG&E's particular damages claims, which are fact-bound and site-specific. If the mere pendency of trial and appeals court decisions on related issues were enough to justify a stay of PG&E's cases, litigation of these cases would not proceed for many years. As noted, there are about 60 other spent nuclear fuel cases. And within that group, PG&E's damages claims are among the most compelling, given the large amount of money it has already spent and is currently spending due to DOE's breach. Indeed, despite the advanced status of a few spent nuclear fuel cases, other Judges have not hesitated to establish trial schedules in other spent nuclear fuel cases where plaintiffs are incurring ongoing damages and have pressed for a prompt trial. To date, we are

aware of at least five other spent nuclear fuel cases that have trial dates scheduled in 2005 and 2006.[4]

The government's arguments in favor of an indefinite stay set out in its Status Report are without merit. The government's claim, *see* Govt. Status Report at 2, that lifting the current stay would be inconsistent with the Chief Judge's lead case approach for resolving the government's dispositive motions is wrong. Every Judge of the court who has addressed those motions has rejected the government's arguments. Those decisions make clear that, rather than being subject to resolution on motion, the issues the government raised – like damages issues generally – are fact-bound and require resolution through trial. Similarly, the government's claim that there is a "strong likelihood that appellate court resolution of the threshold issues in the pending cases will eliminate the need to engage in extensive discovery and trial proceedings in this case upon those threshold issues," *see* Govt. Status Report at 4, is wrong. In *Indiana Michigan*, for example, although the trial court rejected the government's arguments on the rate of spent nuclear fuel acceptance, those arguments are unlikely to be addressed by the Federal Circuit because the trial court found that Indiana Michigan failed to establish a non-speculative claim to damages.

In short, there is no pressing need for a stay and there are compelling reasons to allow PG&E to proceed to litigate its claims. *See*, *e.g.*, *Cellco Partnership v. United States*, 54 Fed. Cl. 260, 263 (2002) ("[T]he concrete economic harm to plaintiff imposed by a stay outweighs the speculative risk of inconsistent rulings on related issues in the absence of a stay."). So that

---

[4] *Sacramento Municipal Utility District v. United States*, No. 98-488C (Judge Braden), *Tennessee Valley Authority v. United States*, No. 01-249C (Judge Lettow), and *Southern Nuclear Operating Co. v. United States*, No. 98-614C (Judge Merow) are scheduled for trial in 2005 and *South Carolina Electric & Gas Company v. United States*, 04-101C (Judge Lettow) and *Wisconsin Electric Power Co. v. United States*, No. 00-697C (Judge Merow) are scheduled for trial in 2006.

justice may be served, PG&E respectfully requests the Court to lift the current stay, enter a pre-trial schedule and to set a date for trial in this matter.

C. PG&E's Proposed Pre-Trial Schedule

PG&E proposes the following schedule for completion of discovery and other pre-trial activities leading up to trial sometime in the Spring of 2006. This proposed schedule contemplates that PG&E's two spent fuel cases, both pending before this Judge -- No. 04-74C (for damages at PG&E's Humboldt Bay facility) and No. 04-75C (for damages at PG&E's Diablo Canyon facility) -- will proceed on concurrent tracks for discovery and pre-trial work, and will be tried together on a consolidated basis.

Although the schedule set forth below specifies a trial date of March 13, 2006, PG&E recognizes that actual trial scheduling is dependent on the Court's schedule. PG&E therefore requests that the Court schedule a status conference after reviewing this status report so that an actual trial commencement date can be established.

Proposed Pre-Trial Schedule

| | |
|---|---|
| Initial Disclosures | April 1, 2005 |
| Completion of Fact Discovery | July 29, 2005 |
| Includes all depositions, document production, and written discovery, such as interrogatories and requests for admission | |
| Completion of Expert Discovery | December 23, 2005 |
| Plaintiffs' Expert Reports | August 26, 2005 |
| Deposition of Plaintiffs' Experts | Aug. 26 – Oct. 21 |
| Defendant's Expert Reports | November 4, 2005 |
| Deposition of Defendant's Experts | Nov. 4 – Dec. 23 |

| | |
|---|---|
| Pre-Trial Filings | |
| Meeting of Counsel/Exchange of Exhibit & Witness Lists | January 6, 2006 |
| Plaintiffs' Memorandum of Fact and Law | January 27, 2006 |
| Motions *In Limine* and Deposition Designations | February 3, 2006 |
| Defendant's Memorandum of Fact and Law | February 17, 2006 |
| Responses to Motions *In Limine* and Depo. Desigs. | February 24, 2006 |
| Final Pre-Trial Conference | March 3, 2006 |
| Consolidated Trial (with No. 04-074C) to Commence | March 13, 2006 |
| Post-Trial Briefing | April/May 2006 |

As noted above, PG&E gave government counsel an opportunity to review and comment on this proposed schedule. Because this proposed schedule is a reasonable one, because the government has voiced no objection to it, and to avoid further delay, PG&E respectfully requests to Court to enter an Order adopting this schedule for discovery and other pretrial proceedings.

D. Conclusion

PG&E has already incurred substantial damages as a result of DOE's failure to remove and dispose of PG&E's SNF, and PG&E is incurring additional damages on an ongoing basis. PG&E should be allowed to proceed to litigate its claims and obtain compensation for those damages. PG&E, therefore, respectfully requests the Court to adopt PG&E's proposed pretrial schedule and to schedule a status conference to set a firm trial date in early 2006.

Dated: January 3, 2005

Respectfully submitted,

s/ Jerry Stouck

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639

Counsel for Plaintiff,
PACIFIC GAS & ELECTRIC
COMPANY

Of Counsel:
Robert L. Shapiro
Monica A. Freas
Spriggs & Hollingsworth