# EXHIBIT 3

Greenberg Traurig

Kevin E. Stern
Tel. 202-452-4878
Fax 202-261-0107
sternk@gtlaw.com

July 28, 2005

**VIA FACSIMILE AND FIRST-CLASS MAIL**

John C. Ekman
Trial Attorney
Department of Justice
Commercial Litigation Branch
Civil Division -- Classification Unit
8th Floor Mailroom
1100 L Street, NW
Washington, D.C. 20530

**Re: PG&E**

Dear John:

We are in receipt of Defendant's Responses to Plaintiff's First Request for Production of Documents, dated July 15, 2005. We find several of the government's objections and responses to plaintiff's requests to be incomplete or otherwise unsatisfactory. In particular:

- **Request Nos. 2, 3:** The government has refused to produce any documents responsive to these requests on grounds, among others, of relevancy. Relevancy is not a proper grounds for withholding responsive documents unless it can be demonstrated that such discovery is not reasonably calculated to lead to the discovery of admissible evidence. Here, documents related to legislative proposals for disposal of SNF and/or efforts or proposals to amend NWPA could lead to the discovery of admissible evidence concerning, among other things, interpretation of the NWPA and/or the Standard Contract, the order or sequence among utilities in which DOE will accept SNF (or would have accepted absent the breach) from utilities, and/or the government's performance under the parties' contract. Please confirm that the government will produce all documents responsive to these requests.

- **Request No. 13:** The government's response states that it has previously produced "numerous non-privileged documents" responsive to this request. The government, however, is obligated to produce <u>all</u> documents responsive to this request within its control that can be located through a reasonable search. The government cannot rest upon the fact that it has previously produced some, but

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

not all, responsive documents to excuse its duty to search for additional responsive documents, including documents that may have been generated or discovered subsequent to the prior productions. In addition, the government's relevancy objection on grounds that future damages are not recoverable in this case is not well-founded. First, the Indiana Michigan decision is not binding here and is currently on appeal. More importantly, the requested documents are relevant regardless whether future damages are recoverable, because documents concerning the rate of acceptance DOE may use in the future are probative of what a reasonable rate would be. Please confirm that the government will be producing all documents relating to the rate at which DOE may accept SNF in the future.

- **Request No. 15:** The government's response states that it will produce documents relating to "the order in which DOE will accept [SNF] . . . as set forth in the Annual Capacity Reports and Acceptance Priority Rankings published by DOE." (emphasis added) The latter clause is a wholly unacceptable qualification placed on this request, as it obviously is intended to limit the documents produced to only those consistent with the government's theory of how the sequence of acceptance is determined, and thereby excludes, for example, documents pertaining to swaps, the need for an efficient schedule or the use and desirability of campaigns. The government cannot so limit its response. Please confirm that the government will produce documents that would be excluded by this improper qualification. Further, like Request No. 13, the government's objection that future damages are not recoverable in this case is not well-founded. Please confirm that the government will be producing documents relating to the order in which DOE will accept SNF from utilities when DOE begins accepting SNF in the future and any plans, projections or estimates by DOE of the order or sequence in which DOE will accept SNF from utilities in the future.

- **Request No. 16:** The fact that many responsive documents are available on the Licensing Support Network does not relieve the government of its obligation to search for responsive documents elsewhere. Please confirm that the government has in fact searched elsewhere and that all responsive documents are currently available on the Licensing Support Network.

- **Request No. 17:** The fact that many responsive documents are currently available on the government's production website does not relieve the government of its obligation to search for responsive documents elsewhere. Please confirm that the government has in fact searched elsewhere and that all responsive documents are currently available on the website.

- **Request No. 19:** The government has refused to produce any documents responsive to this request on grounds that the request "encompasses every single document

communicated between agencies or the Legislative Branch regarding any aspect of the [NWPA]." The request, however, seeks NWPA-related communications (i) between DOE and any other part of the Executive Branch; (ii) between DOE and any part of the Legislative Branch; and (iii) between the Legislative and Executive Branches. It does not seek NWPA-related communications between federal agencies that do not involve DOE, nor does it seek internal Legislative Branch communications. The government is obligated to undertake a reasonable search for such documents and certainly, at a minimum, it must immediately produce all communications related to the issues in this case, including, but not limited to, the government's duties, obligations and performance under NWPA and the Standard Contracts.

- **Request No. 22:** The government's response limits its production to responsive documents "from the files of the Department of Energy." The request, however, also seeks communications between PG&E and the NRC. Many of these communications are presumably located in the NRC's files. Please confirm that the government will be producing responsive documents from both the DOE and NRC files.

- **Request No. 23:** Although we are not obligated to narrow this or any other request, by way of example, PG&E is seeking in this request documents relating to the feasibility of on-going storage of non-commercial SNF (*e.g.*, Navy fuel, research reactor fuel) at non-civilian nuclear reactors. The government's response to this request states that the government has previously produced "various documents" responsive to this request. Again, the government cannot rest upon the fact that it has previously produced some, but not all, responsive documents to excuse its duty to search for additional responsive documents, including documents that may have been generated or discovered subsequent to the prior productions.

- **Request No. 24:** Although we are not obligated to narrow this or any other request, by way of example, PG&E is seeking in this request documents showing that Yucca Mountain is being designed to handle canistered fuel. The government cannot rest upon the fact that it has previously produced some, but not all, responsive documents to excuse its duty to search for additional responsive documents, including documents that may have been generated or discovered subsequent to the prior productions.

- **Request No. 25:** At a minimum, the government must produce in response to this request any studies or analyses conducted by the government relating to the costs of at-reactor storage. Again, the government cannot rest upon the fact that it has previously produced some, but not all, responsive documents to excuse its duty to

search for additional responsive documents, including documents that may have been generated or discovered subsequent to the prior productions.

- **Request Nos. 26, 27, 28, 29:** The government objects that each of these requests are too broad because they require it to "search the entire Federal Government for every document . . . that has any connection to an incredibly broad category of information." The government, however, knows full well (and certainly better than PG&E) where to reasonably search for documents responsive to each of these requests, as none of them encompass issues that have not been raised previously in other SNF cases. The fact that DOE previously produced "various" responsive documents to plaintiff does not excuse the government's obligation to undertake a reasonable search, particularly for documents that may have been generated or discovered subsequent to the prior production. In addition, with regard to **Request No. 27,** we are particularly seeking all documents (to the extent not already produced) concerning DOE's own program to develop multi-purpose canisters ("MPCs") in the early 1990s. And with regard to **Request No. 29,** we are particularly seeking all documents pertaining to Yucca Mountain design considerations for failed fuel and non-standard fuel.

- **Request No. 30:** The government's response states that it is only producing documents responsive to this request that were located in DOE's files. The government cannot limit its search to DOE files. At a minimum, it must also search and produce documents from NRC's files. Please confirm that responsive documents from NRC will be produced.

- **Request Nos. 31, 32:** The government states that it has previously produced "numerous documents" responsive to these requests. Again, the government is obligated to produce <u>all</u> responsive documents within its control, including those that may have been generated or discovered subsequent to the prior productions. The government's relevancy objection on grounds that future damages are not recoverable in this case is not well-founded, for reasons stated above.

- **Request Nos. 33, 34, 36:** The government must undertake a search for additional documents responsive to these requests, including those that may have been generated or discovered subsequent to the prior productions.

- **Government's General Objections, paragraph 2(a):** The government asserts that the Court's March 10, 2005 order limits the parties' obligations to preserve and search for e-mail to that extent that it has not been stored or has been retained only in electronic form. We do not agree that the order so limits your search obligations.

- **General Objections, paragraph 3:** We object to the government's refusal to search the Record Information Database for responsive documents.

- **General Objections, paragraph 4:** We object to the government's refusal to produce documents that it deems to be "publicly available." To the extent the government is withholding "publicly available" documents it has gathered in response to PG&E's requests, it must produce them immediately.

- **Privilege log:** Finally, the government must promptly produce a privilege log that explicitly lists all responsive documents that are being withheld from production in this specific case. This is particularly relevant with regard to **Request No. 26** (GTCC waste-related documents), as the government 's response indicates that documents responsive to this request have been withheld on privilege grounds.

Please respond to these concerns by Friday, August 5, so that we can promptly determine whether we need to seek guidance from the Court on any of these issues. Please also note that, as the government produces documents and we review them, we may have additional issues regarding the government's production.

If you wish to discuss the foregoing, please do not hesitate to contact me.

Sincerely,

Kevin E. Stern