# EXHIBIT 4

U.S. Department of Justice

Civil Division

COPY

PDK:DMC:HDL:JEkman
154-04-074

Telephone: (202) 353-0897
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

August 10, 2005

VIA FACSIMILE AND UNITED STATES MAIL

Kevin E. Stern
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: Pacific Gas & Electric Co. v. United States, Nos. 04-074C, 04-075C (Fed. Cl.)

Dear Mr. Stern:

We are writing to respond to your letter dated July 28, 2005, concerning the Government's responses to plaintiff's first request for production of documents.

Request Nos. 2 and 3: Contrary to your criticisms of the Government's responses to these requests, over the lengthy course of the spent nuclear fuel ("SNF") cases, the Government has produced thousands of pages of documents relating to the Nuclear Waste Policy Act (the "NWPA"), which is the statute that authorized the Secretary of Energy to enter into the Standard Contract with, among others, Pacific Gas & Electric Co. ("PG&E"). The Government also has produced documents relating to amendments to the NWPA. PG&E and/or its counsel have had access to these documents for years. As a result, your contention that the Government has "failed to produce any documents responsive to these requests" is wholly inaccurate. To the extent that the request concerns other legislative initiatives, documents concerning those initiatives are entirely irrelevant to this litigation. Additionally, responsive documents in the form of actual legislative proposals, whether successful or not, are publicly available. It is not our responsibility to search for documents that you and your client can access outside of discovery. In any event, the breadth of the request, which purports to seek all documents "related to any federal legislative proposal," cannot be overstated, encompassing a potentially large volume of documents that the Federal Government has not collected and that does not exist in any reasonably searchable form. However, to the extent that you identify specific legislative proposals for which you want us to search and that are somehow relevant to the legal issues in this case, we will consider that request.

Request No. 13: The Government has produced all non-privileged documents responsive to this request that could be located through a reasonable search.

Request No. 15: Contrary to your criticisms of the Government's response, the Government has produced documents concerning the issues of exchanges, priority, and acceptance campaigns, even though all are irrelevant to PG&E's damages claim. Indeed, counsel for PG&E identified numerous such documents as exhibits during the Yankee Atomic Electric Co. v. United States, 98-126C (Merow), litigation. Nevertheless, we are working with the Department of Energy ("DOE") to determine whether any further response to this request is warranted.

Request No. 16: Documents that concern the Environmental Impact Statement are available, and have been available, to PG&E upon the Licensing Support Network. Documents concerning Environmental Assessments that pre-date the designation of Yucca Mountain as the location for the Federal repository are available to PG&E upon the Record Information System Web ("RIS-Web"). To the extent that you believe that such documents are relevant to the issues in this case, and we believe that they are not, PG&E may search these databases and locate responsive documents at its own expense.

Request No. 17: The Government has produced documents responsive to this request. However, this request represents nothing more than a fishing expedition at incredible expense to the Government. As an initial matter, documents concerning " costs or expenses of DOE's activities pursuant to NWPA" are irrelevant to the issues to be litigated in this case. However, in response to similar requests from Boston Edison, we produced quarterly budgets for the DOE program and those productions are available upon the Government's production website. These documents reflect the history of the DOE program in terms of the costs that have been incurred in connection with the program. Once you have reviewed these documents, and if you believe that additional documents are needed, please identify the additional documents you believe are needed to pursue your claims here. Finally, many of the documents that would be responsive to this request are publicly available. As a result, to the extent that PG&E truly believes that these documents are relevant to its claim, it is free to incur the significant costs associated with searching for additional, publicly-available documents.

Request No. 19: In connection with these SNF cases, the Government has produced scores of non-privileged documents that are responsive to this unreasonably broad request. However, the request, as stated, is unwieldy and unworkable, and your purported limitation of the request actually fails to limit the scope of the request in any meaningful way. For example, you state that you are not seeking "internal Legislative Branch communications." However, we would not produce such documents anyway. We are within the Executive Branch of the Federal Government. As a result, we do not have any responsibility to produce Legislative Branch communications in this, or any other, litigation. The allegedly "narrowed" request seeks all communications involving DOE that concern the NWPA. This is unreasonably broad and encompasses potentially large volumes of materials that are wholly irrelevant to this case. We would be willing to reconsider our response to the extent a meaningful limitation of this request is provided by PG&E.

Request No. 22: The plain language of PG&E's request indicates that all responsive documents are within PG&E's possession, custody, and control as it is predicated upon the fact that PG&E was a correspondent upon every communication sought by the request. Indeed, it is clear from our depositions that these types of communications should be in files controlled by PG&E. Notwithstanding that fact, the request is overly broad as it seeks communications unrelated to issues present in this litigation. We have produced documents responsive to this request from the Department of Energy's ("DOE") files. Barring an explanation as to why communications between the Nuclear Regulatory Commission ("NRC") and PG&E are not in PG&E's possession, custody, or control, we do not intend to search the entirety of the NRC to find any communications to or from PG&E. Nevertheless, we are talking to the NRC to determine whether there is a manageable way to respond to this request.

Request No. 23: The Government has produced a variety of documents that are responsive to this request, even though the request is wholly irrelevant to this litigation and to the contract between PG&E and DOE. Particularly since the request contains the words "related to," it could be interpreted to include massive quantities of information that are entirely irrelevant to the issues presented by this litigation. As you know, the Court of Federal Claims has no authority to order specific performance, so the Government's acceptance of waste from non-commercial generators cannot be relevant to the relief sought by PG&E. Moreover, the costs associated with the acceptance of relatively small quantities of waste from non-commercial generators have no bearing upon the damages sought by PG&E. Instead, what matters in this litigation are the costs PG&E alleges it has incurred as a result of DOE's partial breach of contract. Barring a narrowing of this request to information relevant to this litigation, no additional documents will be produced.

Request No. 24: The Government has produced documents responsive to this request that can be located following a reasonable search of its records. Once again, counsel for PG&E identified several documents responsive to this request as exhibits in the Yankee Atomic litigation. We request that PG&E narrow the scope of this request by specifically identifying the types of documents it seeks. Nevertheless, we are working with DOE to determine whether any further response to this request, as presently worded, is warranted.

Request No. 25: The Government has produced documents responsive to this request that can be located following a reasonable search of its records. As you may know, tracking costs incurred for the storage of SNF by commercial reactors is not something in which DOE generally engages. Indeed, such work is outside DOE's role in the program. Moreover, to the extent that additional documents not previously produced exist, they all were created as a part of and for this litigation. Nevertheless, we are working with DOE to determine whether any further response to this request is warranted.

Request Nos. 26-29: The Government has produced a large quantity of documents that are responsive to these requests. Indeed, counsel for PG&E identified several documents responsive to this request as exhibits in the Yankee Atomic litigation. However, the requests, as stated, are unwieldy and responding to them would be unduly burdensome and costly to the Government. To the extent that you can further narrow the information sought by your requests, we would be willing to reconsider our position.

Request No. 30: Documents contained in NRC files concerning Humboldt Bay decommissioning should be publicly available or within PG&E's possession, custody, or control. The Government is not obligated to undertake a search and incur costs associated with such a search for documents available equally to PG&E. Nevertheless, we are talking to the NRC to determine whether there is a manageable way to respond to this request.

Request Nos. 31 and 32: The Government has produced documents responsive to this request that could be located following a reasonable search of its records. Once again, counsel for PG&E identified several documents responsive to this request as exhibits in the Yankee Atomic litigation. Nevertheless, we are working with DOE to determine whether any further responses to these requests are warranted.

Request Nos. 33 and 36: As set forth in the Government's responses, the Government has produced documents responsive to these requests. Additionally, the Government stated that "[t]o the extent that plaintiff believes that it needs additional documents beyond those previously produced, plaintiff will need to clarify its request so that it targets information that will lead to the discovery of information relevant to this litigation in a manner that is not overly broad, unduly burdensome, or duplicative." Your letter fails to clarify your requests consistent with the Government's response. As a result, you have failed to provide us with any basis upon which to conduct additional searches.

Request No. 34: The Government agreed to produce "all non-privileged documents within its control from the files of the Department of Energy responsive to this request, to the extent that these documents have not previously been produced or made available to plaintiff and to the extent that they can be located after a reasonable search." Explicit in this response is a search of documents that post-date subsequent productions. Regardless, throughout these SNF cases, the Government has periodically updated its document productions to reflect additional documents generated by DOE that are responsive to the SNF plaintiffs' document requests.

Finally, with respect to its General Objections, the Government stands upon those objections and upon its interpretation of the Court's orders entered in this case. With regard to your privilege log assertion, privilege logs are available upon the production website and any additional privilege logs will be posted there in due course.[1]

Sincerely,

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch

---

[1] Your letter appears to assert that the Government may have specifically identified quantities of privileged documents responsive to Request No. 26 that in some way differ in scope from our responses to other requests. This position is unfounded, as there is no difference with our scope of privilege claims with respect to any category of potentially responsive documents.