# EXHIBIT 5

Greenberg Traurig

Kevin E. Stern
Tel. 202-452-4878
Fax 202-261-0107
sternk@gtlaw.com

August 16, 2005

**VIA FACSIMILE AND FIRST-CLASS MAIL**

John C. Ekman
Trial Attorney
Department of Justice
Commercial Litigation Branch
Civil Division -- Classification Unit
8th Floor Mailroom
1100 L Street, NW
Washington, D.C. 20530

**Re: PG&E**

Dear John:

I am writing in response to your August 10, 2005 letter responding to our issues with the government's responses to PG&E's First Request for Production of Documents. While your response satisfactorily addresses a few of these issues, it appears the parties are still far apart in terms of resolving our disputes regarding several requests. The purpose of this letter is to make one last good faith attempt to resolve these disputes before we have to resort to filing a motion to compel.

- **Request Nos. 2, 3:** We are in the process of reviewing the NWPA-related documents previously produced by the government and will let you know if there are any additional types of related documents that we want the government to search for.

- **Request No. 15:** You represent in your letter that you are working with the DOE to determine whether any further response to this request is warranted. Unless the government represents that it has already produced or will produce all documents responsive to this request without any qualification, then we will move to compel.

- **Request No. 17:** We will review the DOE NWPA quarterly budgets available upon the government's production website and let you know if we require any additional documents responsive to this request.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

- **Request No. 19:** You have rejected our narrowing of this request as set forth in my July 28, 2005 letter to encompass only DOE intra-governmental communications "related to the government's duties, obligations and performance under the NWPA and the Standard Contracts" (to the extent not already produced). Unless the government represents that it has already produced or will produce all documents responsive to this request as narrowed, then we will move to compel.

- **Request No. 22:** You assert that the government is not obligated to search the NRC's files for documents responsive to this request because it seeks communications with PG&E and refuse to confirm that the government will produce responsive documents from NRC. As you well know, the fact that PG&E may already have copies of some of the requested documents in its possession does not relieve the government of its obligation to search for and produce responsive documents. We are certainly entitled to discover whether the NRC has in its possession any additional communications with PG&E that are not in PG&E's files and to confirm that the NRC actually received various communications from PG&E. The government's refusal to produce responsive documents from NRC is particularly baseless given that it has already agreed to produce responsive documents from DOE's files. Unless the government agrees to search for and produce responsive documents from NRC, then we will move to compel.

- **Request No. 23:** In my July 28 letter, we narrowed this request to encompass "documents relating to the feasibility of on-going storage of non-commercial SNF (*e.g.*, Navy fuel, research reactor fuel) at non-civilian nuclear reactors." Your August 10 letter does not address this narrowed request, but reiterates that the government will not produce any additional documents responsive to this request barring a narrowing of the request. Unless the government agrees to produce documents responsive to our narrowed request (to the extent not already produced), then we will move to compel.

- **Request No. 24:** You have once again requested that PG&E narrow the scope of this request, but this is precisely what we did in our July 28 letter: We are seeking documents "showing that Yucca Mountain is being designed to handle canistered fuel." Unless the government agrees to produce documents responsive to this narrowed request (to the extent not already produced), then we will move to compel.

- **Request No. 25:** In my July 28 letter, we narrowed this request to "any studies or analyses conducted by the government relating to the costs of at-reactor storage." Your August 10 letter does not address this narrowed request and does not commit the government to searching for and producing additional responsive documents. Unless the government agrees to produce documents responsive to our narrowed request (to the extent not already produced), then we will move to compel.

- **Request Nos. 26, 28:** As previously stated, unless the government agrees to produce documents responsive to these requests (to the extent not already produced) after undertaking a reasonable search, then we will move to compel.

- **Request No. 27:** In my July 28 letter, we narrowed this request to "all documents (to the extent not already produced) concerning DOE's own program to develop multi-purpose canisters ("MPCs") in the early 1990s." Your August 10 letter does not address this narrowed request and does not commit the government to searching for and producing additional responsive documents. Unless the government agrees to produce documents responsive to our narrowed request (to the extent not already produced), then we will move to compel.

- **Request No. 29:** In my July 28 letter, we narrowed this request to "all documents pertaining to Yucca Mountain design considerations for failed fuel and non-standard fuel." Your August 10 letter does not address this narrowed request and does not commit the government to searching for and producing additional responsive documents. Unless the government agrees to produce documents responsive to our narrowed request (to the extent not already produced), then we will move to compel.

- **Request No. 30:** Unless the government represents that all documents in NRC's possession, custody or control that are responsive to this request will be produced, have been previously produced and/or are already publicly available, then we will move to compel.

- **Request Nos. 31, 32:** Unless the government represents that it will produce all documents responsive to these requests to the extent not already produced, then we will move to compel.

- **Request Nos. 33, 36:** We do not believe either of these requests require further narrowing, as they both concern specific key issues in this case to which the government has previously produced responsive documents. All we have asked the government to do is to undertake a reasonable search for and produce any additional documents responsive to these requests that have not been previously produced. Unless the government agrees to do this, then we will move to compel.

- **Privilege log:** You represent that additional privilege logs will be posted on the production website "in due course" but provide no timetable for such posting or assurance that, when posted, these logs will enable us to determine what documents have been withheld on privilege grounds in response to or as a result of PG&E's Requests. As you should recall, the government previously agreed to "timely provide a privilege log in this litigation" (Defendant's Response to PG&E's Motion for Entry of an Order Governing Confidential and Privileged or Protected Materials

dated Apr. 15, 2005) and Judge Hewitt advised the government to produce its privilege log within 60 days of its production of responsive non-privileged documents and that if it failed to do so, she would order such production. We need this information as soon as possible to determine the propriety of any privilege assertions. Unless the government represents that it will produce an appropriate and complete privilege log immediately, then we will move to compel.

If we do not hear from you by this Thursday, August 18, regarding these remaining issues, then we will assume your positions have not changed, and we will proceed with our motion to compel.

Sincerely,

Kevin E. Stern