# EXHIBIT 6

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:SDamelin
154-04-074

Telephone: (202) 305-2312
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

August 18, 2005

VIA FACSIMILE AND UNITED STATES MAIL

Kevin E. Stern
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: Pacific Gas & Electric Co. v. United States, Nos. 04-074C, 04-075C (Fed. Cl.)

Dear Mr. Stern:

We are writing to respond to your letter dated August 16, 2005, concerning the Government's responses to plaintiff's first request for production of documents.

We have categorized our responses to your most recent letter into three separate groups: (1) document requests over which there appear to be no real dispute between the parties a this time; (2) document requests that the Government is continuing to review and address, as referenced in the August 10, 2005 letter from John Ekman; and (3) document requests that remain unresolved between PG&E and the Government, and to which the Government does not intend to provide further responses, except to the extent that PG&E narrows and/or clarifies its requests, as explained in the detailed responses below.

1. Document Requests To Which No Pending Dispute Exists

With regard to Requests No. 2-3, 13, 16, 17, and 34 of Plaintiff's First Request for Production of Documents, each of which was identified in your July 28, 2005 letter, it currently appears, based upon Mr. Ekman's August 10, 2005 letter, and the responses in your August 16, 2005 letter, that there is not any pending dispute regarding these particular documents requests. However, we will await the completion of your document review to ascertain whether any further action related to these requests is warranted.

2. Document Requests Pending Further Review By The Government

Request No. 15: The Government has produced numerous documents concerning the issues of exchanges, priority, and acceptance campaigns. As explained in our letter dated August 10, 2005, we are continuing to work with the Department of Energy ("DOE") to determine

whether any further response to this request is warranted. Your statement that, "[u]nless the government represents that it has already produced or will produce all documents responsive to this request without any qualification, then we will move to compel" is premature and unwarranted given the Government's response and continuing efforts to determine the scope of potentially responsive documents.

Request No. 22: This request remains overly broad, as PG&E continues to seek communications unrelated to issues present in this litigation. We have produced documents responsive to this request from DOE files, but as Mr. Ekman explained, we do not intend to search the entirety of the NRC to find any communications to or from PG&E. However, we are working with the NRC to determine whether there is a manageable way to respond to this request by searching for and producing responsive documents that could in some way be relevant to this litigation. Your statement that, "[u]nless the government agrees to search for and produce responsive documents from the NRC, then we will move to compel" is premature and unwarranted given the Government's response. Nevertheless, you have identified no basis for PG&E's insistence that the Government bear the expense of a potentially time-consuming search for documents that were originals to and from PG&E, and that should all be in PG&E's own files. If PG&E has somehow destroyed its own correspondence files, PG&E should notify us of this fact and of its need for our assistance in helping it recreate its own files. However, as far as we know, PG&E's request that we engage in a thorough and time-consuming search for documents that PG&E already has is unnecessary and simply a waste of Government resources. If there is an actual need by PG&E to recreate its correspondence files, it would be helpful if you notified us of that fact. Further, it would be helpful if PG&E would identify those individuals and offices with which it communicated so that we can ensure that we identify all responsive documents.

Request No. 24: The Government has produced documents responsive to this request. Although we disagree that your July 28 letter actually narrowed the scope of the request (as the Yucca Mountain example that you provided does little to narrow the overly broad scope of the request itself), we are continuing to work with DOE to determine whether any further response to this request, as presently worded, is warranted. Therefore, a motion to compel the Government to respond to this request is premature and unwarranted.

Request No. 25: We disagree with the characterization that your July 28 letter "narrowed" this document request. The Government has produced documents responsive to this request. The type of studies and analyses that you request are generally outside the scope of DOE's role in the civilian radioactive waste management program. We reiterate that, to the extent that additional documents not previously produced exist, they all were created as a part of and for this litigation. However, we are continuing to work with DOE to determine whether any further response to this request is warranted, specifically whether there are identifiable documents that were not created for this litigation which are in DOE's possession. We do not intend to produce documents created for this litigation, but will produce other non-privileged

documents not previously produced, if any, in DOE's possession. Given the Government's response, a motion to compel is premature and unwarranted.

Request No. 30: Regarding documents in NRC files concerning Humboldt Bay decommissioning, the Government is not obligated to undertake a search and incur costs associated with such a search for documents available equally to PG&E. Nevertheless, we are working with the NRC to determine whether there is a manageable way to respond to this request and produce responsive documents, if any. Given our continuing efforts to respond to your document request, a motion to compel is premature and unwarranted.

Request Nos. 31 and 32: In his August 10 letter, Mr. Ekman explained that the Government has produced documents responsive to this request. Nevertheless, we are working with DOE to determine whether further responses to these requests are warranted and whether there is a manageable way to respond to this request and produce responsive documents. Given our continuing efforts to respond to your document request, a motion to compel is premature and unwarranted.

3. Document Requests That Remain In Dispute

Request No. 19: As explained in our August 10 letter, plaintiff's request, as stated, is unwieldy and unworkable, and your purported limitation of the request actually fails to limit the scope of the request in any meaningful way. The allegedly "narrowed" request seeks all communications involving DOE that concern the NWPA. This is unreasonably broad and encompasses potentially large volumes of materials that are wholly irrelevant to this case. Given the overwhelming breadth of this request, we cannot provide any further response absent some clarification or limitation that focuses the request to relevant information.

Request No. 23: Despite your assertion, your July 28th letter failed to narrow the scope of this request, which is wholly irrelevant to this litigation and to the contract between PG&E and DOE. Your purported narrowing of the request, to "documents relating to the feasibility of on-going storage of non-commercial SNF (e.g., Navy fuel, research reactor fuel) at non-civilian nuclear reactors," was simply provided as an example and did not narrow the request itself. The Court of Federal Claims has no authority to order specific performance, so the Government's acceptance of waste from non-commercial generators cannot be relevant to the relief sought by PG&E. The costs associated with the acceptance of waste from non-commercial generators have no bearing upon the damages sought by PG&E. Unless this request is specifically narrowed to request information relevant to this litigation, we have no basis upon which to conduct additional searches for documents beyond those that we have already produced.

Request Nos. 26-29: The Government has produced a large quantity of documents that are responsive to these requests, and both the License Support Network ("LSN") and the Record Information System ("RIS-Web") are available to counsel through which it can further investigate this request. Despite the assertion that your July 28 letter "narrowed" these four

document production requests, these requests remain unwieldy and responding to them would be unduly burdensome and costly to the Government. We are interested in working with you to resolve your concerns regarding the Government's document production, but cannot provide any additional response to these four document requests as currently stated. To the extent that you can further narrow and/or the information sought by your requests, we would be willing to review and reconsider our position. Otherwise, we have no basis upon which to revisit our prior response.

Request Nos. 33 and 36: The Government has produced documents responsive to these requests. We disagree with the assertion in your August 16 letter that "[w]e do not believe either of these requests require further narrowing." Your request that we produce all documents "relating to" DOE's "ability" to perform its obligations under the Standard Contract is incredibly vague and unwieldy, as is your request for all documents "related to" the "needs or requirements ... for storage or disposal from domestic commercial nuclear reactors." Absent a narrowing or clarification of these two document requests, these requests remain overly broad, unduly burdensome, and duplicative and fail to specify information that will lead to the discovery of information relevant to this litigation. As a result, you have failed to provide us with any basis upon which to conduct additional searches.

In your August 16, 2005 letter, you again discuss the availability of privilege logs. As Mr. Ekman explained in his August 10 letter, privilege logs are available upon the Government's document production website. As we stated previously in this letter, another privilege log relating to more recent document productions is being posted there this week.

Finally, the demand that the Government provide a response to your letter by Thursday, August 18, 2005, is not acceptable, given the circumstances of this case. You are aware that the Government is taking depositions of PG&E employees on August 18, 19, 23 and 24 in San Francisco, California. These depositions involve extensive cross-country travel before and after the depositions, plus extensive attorney time for deposition preparation. Yet, you provided us with your five-page demand letter during the afternoon of August 16. In addition, the Government is continuing the review PG&E's voluminous document production contemporaneous with the depositions. Although we continue to work with you in a good faith effort to resolve our discovery-related disagreements without court involvement, PG&E's threat to move to compel the Government's responses on 16 different document production requests absent an immediate response, as cross-country depositions are occurring, is not warranted or supported by the record of this case.

Please feel free to contact me if you have any questions.

Sincerely,

SCOTT R. DAMELIN
Trial Attorney
Commercial Litigation Branch