# EXHIBIT 10

**Greenberg Traurig**

Kevin E. Stern
Tel. 202-452-4878
Fax 202-261-0107
sternk@gtlaw.com

August 10, 2005

**VIA FACSIMILE**

John C. Ekman
Trial Attorney
Department of Justice
Commercial Litigation Branch
Civil Division -- Classification Unit
8th Floor Mailroom
1100 L Street, NW
Washington, D.C. 20530

**Re: PG&E**

Dear John:

I am writing in response to your August 8, 2005 letter regarding PG&E's Rule 30(b)(6) notice of deposition served on July 25, 2005 concerning the government's response to PG&E's First Request for Production of Documents.

In your letter you request clarification of the 30(b)(6) deposition subjects set forth in our deposition notice so the government can identify the proper witness(es) to testify. While we do not believe there is anything confusing or ambiguous about the subjects, we are willing to try to work with you so there will be no confusion about what information we are seeking through this deposition.

The first deposition subject is pretty much self-explanatory. We are seeking testimony from someone with the requisite knowledge about "Defendant's search for documents responsive to Plaintiff's First Request for Production of Documents." In other words, upon receipt of PG&E's request, what did the government do to search for responsive documents? As discussed, we do not wish to use this deposition to duplicate prior depositions taken in other spent nuclear fuel cases, nor are we interested in learning more about the efforts that were undertaken by the government to respond to other document requests, although the results of these prior efforts (including searches undertaken prior to February 19, 2002) certainly seem to be relevant to the government's response to PG&E's requests. Based upon this understanding, you state in your letter that the government can provide a DOE witness who can testify on this subject. Moreover, because the third deposition subject, "Results of defendant's searches for documents responsive to Plaintiff's First Request for Production of Documents," is obviously closely related to the first subject,

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

www.gtlaw.com

we presume that this DOE witness is the person who is most knowledgeable about this subject as well.

With regard to the second deposition subject, "The contents of the government's document production database," we are not, as you suggest, interested in learning the substantive contents of particular documents that have been produced to the spent nuclear fuel plaintiffs. The government is representing that documents responsive to PG&E's requests are being produced on its document production website. However, there is no way to verify that this is in fact the case based upon our review of the website. Nor do the logs that accompany the produced documents disclose in any meaningful way the "existence, location, type and quantities of documents responsive to [PG&E's requests]." (Depo. Notice, 4th Subject) Therefore, with regard to the second and fourth deposition subjects, we are seeking a witness who can explain the various groupings of documents posted on the government's document production website in the context of PG&E's First Request for Production, *i.e.*, how these groupings bear any relation to the government's response to PG&E's First Request for Production, and what, if any, documents have been produced on the website in response to or as a result of PG&E's specific requests and what documents have been withheld from production on privilege grounds.

I hope that these further explanations are helpful and we will be able to proceed shortly with the 30(b)(6) deposition. We have agreed to put off the August 11 deposition because of conflicting schedules and your representation that the government is still searching for responsive documents. Please provide us with proposed alternative deposition dates by no later than this Friday, August 12, so we can agree on a schedule. If we do not hear from you by then, we will have no choice but to issue a revised notice scheduling the deposition at our convenience and then proceed with such deposition absent issuance of a protective order.

If you wish to discuss any of these issues further, please feel free to contact me.

Sincerely,

Kevin E. Stern