# EXHIBIT 12

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:SDamelin
154-04-074

Telephone: (202) 305-2312
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

August 18, 2005

VIA FACSIMILE AND UNITED STATES MAIL

Kevin E. Stern
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Re: Pacific Gas & Electric Co. v. United States, Nos. 04-074C, 04-075C (Fed. Cl.)

Dear Mr. Stern:

We are writing to respond to your letter dated August 10, 2005, and your letter and attached Amended Rule 30(b)(6) Notice of Deposition dated August 15, 2005. As you are aware, by letter dated August 8, 2005, John Ekman provided you with a detailed response to PG&E's Rule 30(b)(6) Notice of Deposition, which was filed on July 25, 2005. Although there are differences between the original and amended Rule 30(b)(6) deposition notices, to the extent possible, this letter will address the subjects identified in the Amended Notice of Deposition.

In response to the first request in the July 25 deposition notice, Mr. Ekman requested that you confirm the Government's understanding that (1) through this deposition, you do not intend to duplicate discovery that has already been taken in other spent fuel cases, and (2) specifically, that the deposition will apply only to document search efforts undertaken since the Rule 30(b)(6) deposition of Department of Energy ("DOE") employee Thomas Pollog on February 19, 2002, to the extent that those searches implicate the document production requests that PG&E served in this case. Unfortunately, your responses do not confirm the Government's understanding and leaves unanswered your intentions regarding this subject for the deposition. As you stated in your letter dated August 10, 2005, "[w]e do not wish to use this deposition to duplicate prior depositions taken in other spent nuclear fuel cases, nor are we interested in learning more about the efforts that were undertaken by the government to respond to other document requests, although the results of these prior efforts (including searches undertaken prior to February 19, 2002) certainly seem to be relevant to the government's response to PG&E's requests." (emphasis added).

In addition to this apparent disagreement regarding the scope of the first subject for the Rule 30(b)(6) deposition, Mr. Ekman also informed you that DOE was continuing to search for documents responsive to PG&E's request, that any deposition would be premature at this time

and that a deposition in response to the first request in the deposition notice should be deferred until DOE's search efforts are complete. The Government's position, as stated in Mr. Ekman's August 8, 2005 letter, remains the same today. As a result, despite your Amended Notice of Deposition scheduling a Rule 30(b)(6) deposition for next Tuesday, August 23, the Government is not yet in a position to produce any witnesses on that date in response to the Amended Notice of Deposition. Based upon our discussions with DOE, it appears that it will take at least three weeks to complete our comprehensive search efforts in response to all of PG&E's production requests. We suggest that the requested Rule 30(b)(6) deposition be deferred until those efforts are complete.

As stated in your August 10, 2005 letter, another subject of the Rule 30(b)(6) notice of deposition, "results of defendant's searches for documents responsive to Plaintiff's First Request for Production of Documents, is obviously closely related to the first subject." This subject is now identified in the Amended Notice of Deposition as subject number two (instead of subject number three as in the original notice). Given your explanation, please refer to the Government's above-stated response regarding PG&E's first deposition subject. Again, we are not in a position to produce any witnesses on August 23 in response to the Amended Notice of Deposition, pending completion of our document search efforts.

With regard to the second and fourth subjects of the July 25 notice of deposition (now apparently identified as subjects three and four of the Amended Notice of Deposition), Mr. Ekman stated in his August 8, 2005 letter that the "requests could be interpreted to require witnesses to testify regarding the contents of all of the documents that have been produced to the spent nuclear fuel plaintiffs." Unfortunately, your August 10 and 15 letters do not resolve the concerns expressed by the Government, as you have not developed narrow and precise categories for the deposition you desire.

First, we cannot produce a witness to testify about the "groupings and categories of documents" posted on the Government's website (Amended Notice of Deposition, Subject Three) in the context of the Government's response to PG&E's First Request for Production of Documents. As Mr. Ekman explained, logs that accompanied the document production contained information regarding the existence, location, type, and quantities of documents responsive to PG&E's requests. Further, the bulk of the documents responsive to PG&E's requests were gathered and produced long before PG&E served its production requests, and counsel for PG&E should be very familiar with those files through their work with and use of them in the Yankee Atomic litigation. Second, since PG&E's requests are so broad, arguably everything is related to the NWPA or SNF and, therefore, could be subject to the Rule 30(b)(6) deposition. Despite our request, you have failed to narrow or provide some specificity regarding the information that you are seeking. Therefore, we cannot produce a witness for a Rule 30(b)(6) deposition on August 23.

Finally, the Amended Notice of Deposition identifies a fifth subject for the Rule 30(b)(6) deposition: "Documents that have been withheld from production by the government on privilege and/or work-product grounds in response to or as a result of Plaintiff's First Request for Production of Documents." This subject was not included in the July 25 deposition notice.

As you are aware, privilege logs are available upon the production website and contain the relevant information for documents withheld from production for attorney-client and/or work-product grounds, and a privilege log covering the Government's most recent document productions (including contract files of the various utilities) is being posted to the production website this week. Unless and until you are able to provide us with greater specificity regarding the information that you are seeking, and how such a deposition would not seek information protected by the attorney-client privilege and/or work-product doctrine, the Government is unable to provide any further response to this request. In any event, no witnesses can be produced for a deposition on August 23 regarding this Rule 30(b)(6) subject.

Given the broad nature of these deposition requests, we believe that it may be more productive, as least as an initial matter, for you to provide us with a list of specific questions seeking specific information about the documents that have been produced. We can then identify the appropriate information responsive to those questions from our records, if possible, and provide that information to you. It is possible that these written responses will provide you with the information that you need or, in any event, narrow the topics upon which any deposition would proceed. In any event, without specific and targeted deposition issues for the Rule 30(b)(6) notice, we cannot guarantee that we can prepare a witness, or witnesses, to testify regarding every conceivable question that you may ask. Accordingly, as an initial effort to provide you with the information that you desire, we strongly suggest that you provide us with a detailed list of questions to which we may respond in an effort to resolve the need for this deposition.

Please contact me if you want to discuss these issues.

Sincerely,

SCOTT R. DAMELIN
Trial Attorney
Commercial Litigation Branch